IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SABREE SHARRIEFF, | : | CIVIL NO. 3:CV-10-2448 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SHIRLEY MOORE, *et al.*, | : | |
| Defendants | : | |

FILED
SCRANTON

JUN 1 6 2014

PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Sabree Sharrieff ("plaintiff")[1], a Pennsylvania state inmate who, at all times relevant, was housed at the State Correctional Institution at Frackville ("SCI-Frackville"), Pennsylvania, commenced this civil rights action on November 26, 2010, alleging that the denial of religious services and annual fasting accommodations violates his rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). (Doc. 1). Following disposition of a motion to dismiss, the claims remaining for consideration are the First and Fourteenth Amendment and RLUIPA claims against defendants Barry Brown ("Brown"), Ulli Klemm ("Klemm"), David Kneal ("Kneal"), and Larry L. Liggitt ("Liggitt"), which arise out of a religious accommodation request sent by plaintiff on November 9, 2008, and denied on February 12, 2009. (Docs. 45-46).

Before the court are cross motions for summary judgment pursuant to Federal Rule of

---

[1] Plaintiff Sabree Sharrieff is also known as Vincent Davis. (Doc. 56-1, ¶ 8).

Civil Procedure 56 filed on behalf of the defendants Brown, Klemm, Kneal, and Liggitt (Doc. 55), and by plaintiff (Doc. 69). For the reasons set forth below, defendants' motion will be granted and plaintiff's motion will be denied.

I. **Summary Judgment Standard of Review**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "'The non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial.' Celotex [ ], 477 U.S. [ ] 324 [ ] (1986) (internal quotations omitted)." Schiazza v. Zoning Hearing Bd., Fairview Twp., York County, Pa, 168 F. Supp. 2d 361, 365 (M.D. Pa. 2001). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

III.  **Statement of Material Facts**[2]

Plaintiff alleges that he follows the faith of Islam "taught by the Honorable Elijah Muhammad via Muhammad's Temples of Islam/Nation of Islam ('MTI/NOI')." (Doc. 1, ¶ 15.) On November 9, 2008, while incarcerated at SCI-Frackville, he submitted an Inmate Religious Accommodation Request Form requesting separate services and observances and a separate fast for ITI/NOI inmates during the month of December. (Doc. 56-2, at 1; Doc. 74, at 34). On February 12, 2009, defendant Liggitt notified plaintiff that his request was denied. (Doc. 74, at 36). At that time, he was specifically informed that any appeal of the decision must comply with Pennsylvania Department of Corrections's ("DOC") policy DC-ADM 804, "Inmate Grievances." (Doc. 74, at 36).

Pete Damiter, an Assistant to the Superintendent at SCI-Frackville, who is responsible for the overall administration of the Inmate Grievance System at that facility, declares that on February 12, 2009, plaintiff submitted Grievance #261728 alleging that the denial of his November 9, 2008 Inmate Religious Accommodation Request Form requesting accommodation for religious services and fasting during the month of December, resulted in a denial of his constitutionally protected right to free exercise of religion. (Doc. 56-1, ¶¶ 1-4, 8; Doc. 57, ¶ 17; Doc. 74, ¶ 17). His grievance was denied on February 19, 2009, based on

---

[2]Defendants seek summary judgment based on plaintiff's failure to exhaust the available administrative review process. Because this issue is dispositive the statement of material facts will be limited to the issue of exhaustion and the merits of plaintiff's motion for summary judgment will not be reached.

3

the following: "Inmate Davis, your religious accommodation request for separate NOI Services at SCI Frackville has been denied by the Department of Corrections. SCI Frackville does not have the authority to circumvent or in any way alter their decision, therefore your Official Inmate Grievance is denied." (Doc. 56-2, at 2; Doc. 57, ¶ 18; Doc. 74, ¶ 18). He did not appeal this adverse decision to the Facility Manager. (Doc. 57, ¶ 19).

II. **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing

a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). The Act specifically provides, "[n]o action shall be brought with respect to prison conditions under . . . 42 U.S.C. § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). An inmate must comply with the PLRA exhaustion requirement as to any claim that arises in the prison setting, regardless of the nature of the claim or of the relief sought. Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth, 532 U.S. at 741 n. 6 . "[I]t is beyond the power of . . . any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (3d Cir. 2000).

Further, the PLRA mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court, which demands compliance with an agency's deadlines and other procedural rules. Woodford v. Ngo, 548 U.S. 81, 92 (2006); Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004) (concluding that the PLRA includes a procedural default component); Rivera v. Pa. Dep't of Corr., 388 F. App'x. 107, 108 (3d Cir. 2010) (stating that "[a]n inmate must exhaust his administrative remedies prior to filing a civil

action in federal court."). A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. McKinney v. Kelchner, No. 1:05-cv-0205, 2007 WL 2852373, at *3 (M.D.Pa. 2007) (citing Spruill, 372 F.3d at 227–32; Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000)).

While failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant, Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (reasoning that "[p]rison officials are likely to have greater legal expertise and, as important, superior access to prison administrative records in comparison to prisoners"), a party may raise this defense for the first time during summary judgment proceedings. See Baker v. Beard, No. 4:05–cv–281, 2006 WL 1725557, at *3 (M.D.Pa. June 21, 2006) (Jones, J.) (stating that a defendant is not required to raise exhaustion issue in first response to complaint; as long as the defense is raised prior to adjudication, the plaintiff is not prejudiced); see also Hall v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local Union 143, 188 F. Supp.2d 1013, 1018 (S.D.Ill. 2001) (finding defendant did not waive exhaustion by failing to argue it in a motion to dismiss).

The Pennsylvania Department of Corrections's ("DOC") Inmate Handbook provides inmates with notice of the DOC's Grievance Policy and its requirements. (Doc. 57, ¶ 16; Doc. 74, ¶ 16). The "Inmate Grievance System," DC-ADM 804, that was in effect in 2009 provided a multi-step administrative grievance appeal process that was established to ensure

that inmates have an avenue through which to resolve issues relating to their incarceration. (Id. at ¶ 12; Id. at ¶ 12). It required that an inmate file a grievance with the Facility Grievance Coordinator within fifteen working days of the event upon which the claim is based. (Id. at ¶ 13; Id. at ¶ 13). Following the issuance of a decision, an inmate dissatisfied with the response had ten working days to appeal to the prison's Facility Manager or Superintendent. (Id. at ¶ 14; Id. at ¶ 14). Any inmate dissatisfied with the disposition of the appeal could then submit a final appeal within fifteen working days of the decision. Every appeal to final review must be addressed to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (Id. at ¶ 15; Id. at ¶ 15).

Defendants argue that they are entitled to an entry of summary judgment because plaintiff failed to exhaust all avenues of administrative relief prior to proceeding to federal court. (Doc. 56, at 3). It is undisputed that plaintiff failed to fully exhaust the administrative review process with respect to the denial of his November 9, 2008 Religious Accommodation request. In an attempt to excuse compliance with the exhaustion requirement plaintiff argues that the exhaustion of similar requests in years prior, specifically 2006 and 2007[3], satisfies the exhaustion requirement and that his transfer to the State Correctional Institution at Smithfield after he submitted his grievance hindered his ability to complete the process. (Doc. 74, ¶¶ 17-18).[4] However, courts have recognized a clear "reluctance to invoke

---

[4]Significantly, plaintiff fails to submit any evidence, documentary or otherwise, to support his argument that he "made every attempt to appeal to SCI-Frackville from SCI-

equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Davis, 49 F. App'x at 368. Neither argument advanced by plaintiff satisfies these narrow exceptions. Accordingly, because plaintiff failed to properly exhaust his administrative remedies before filing this action, defendants are entitled to summary judgment.

## IV. Conclusion

Based on the foregoing, defendants' motion (Doc. 55) for summary judgment will be granted and plaintiff's motion (Doc. 69) will be denied.

An appropriate order will follow.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: June 16, 2014

---

Smithfield, but to absolutely no avail were any such attempts." (Doc. 74, ¶ 18).